UNITED STATES BANKRUPTCY COURT
Middle District of Georgia

DEBTOR  **Brenda C. Moseley**        *  Chapter 13
                                     *  Case No.  **16-51331**

# CHAPTER 13 PLAN

1.      The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of **$1,326.12 Monthly for 7 months, plus $319,000.00 lumpsum payment in month 6**.

2.      From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| -NONE- | | |

(c) Preconfirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| -NONE- | |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing. See § 1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|
| -NONE- | | | | |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as follows:

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Georgia Department of Revenue | $14,452.02 | 339,939.00 | 0.00% | Lien for 2007 Taxes | pay at closing |
| Georgia Department of Revenue | $10,142.83 | 339,939.00 | 0.00% | Lien for 2008 Taxes | pay at closing |
| Georgia Department of Revenue | $5,501.67 | 339,939.00 | 0.00% | Lien for 2009 Taxes | pay at closing |
| Georgia Department of Revenue | $1,965.75 | 0.00 | 0.00% | Lien for 2010 Taxes | pay at closing |
| Internal Revenue Service | $35,627.67 | 339,939.00 | 0.00% | Federal Tax Lien for 2006 Taxes | pay at closing |
| Internal Revenue Service | $69,180.47 | 339,939.00 | 0.00% | Federal Tax Lien for 2007 Taxes | pay at closing |
| Internal Revenue Service | $53,085.98 | 339,939.00 | 0.00% | Federal Tax Lien for 2008 Taxes | pay at closing |
| Internal Revenue Service | $42,545.42 | 339,939.00 | 0.00% | Federal Tax Lien for 2009 Taxes | pay at closing |
| Internal Revenue Service | $32,069.78 | 339,939.00 | 0.00% | Federal Tax Lien for 2010 Taxes | pay at closing |

| NAME OF CREDITOR | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT AMOUNT |
|---|---|---|---|---|---|
| Internal Revenue Service | $10,469.25 | 0.00 | 0.00% | Federal Tax Lien for 2011 Taxes | pay at closing |
| Internal Revenue Service | $31,747.33 | 0.00 | 0.00% | Federal Tax Lien for 2012 Taxes | pay at closing |
| Internal Revenue Service | $24,396.62 | 0.00 | 0.00% | Federal Tax Lien for 2013 Taxes | pay at closing |

(f) *Attorney fees ordered pursuant to 11 U.S.C. §507(a)(2) of $__0.00__ to be paid as follows:

|  | MONTHLY PAYMENT AMOUNT |
|---|---|
| -NONE- |  |

(g) After the above are paid, distributions will be made to cure arrearages and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| -NONE- |  |  |  |  |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| -NONE- |  |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of **0.00**%.(If this is left blank, no interest will be paid).

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| -NONE- |  |

(j) The following unsecured claims are classified to be paid at 100%. These payments **will / will not** be made simultaneously with payment of the secured debt:

  -NONE-

(k) All other 11 U.S.C. § 507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts:

  **Specialized Loan Servicing, LLC**

(m) Special provisions:

  **Debtor will retain broker under 11 USC 330 and sell 140 Surrey Lane, Macon, GA 31210 under 11 USC 363 as soon as practical and no later than 12 months after confirmation. Debtor will continue to make monthly payments without default interest to Specialized Loan Servicing, LLC, and shall escrow and pay the necessary amounts for taxes and home owner's insurance until the house is sold. Debtor shall pay the allowed secured claims of the Internal Revenue Service and the Georgia Department of Revenue only upon sale of the property. Upon sale of the property, Debtor will disburse the proceeds first to administrative expenses and then to allowed secured claims in order of priority. Debtor will not receive any proceeds from the sale unless all allowed claims are paid in full.**

  **Debtor is negotiating with the IRS and Georgia Department of Revenue on payment of the priority and unsecured non-priority taxes. Subject to their consent, Debtor proposes to pay all of her monthly disposable income towards payment of the priority claims and upon completion of this plan will be eligible for a discharge.**

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtors will pay the highest of the three)

(i) Debtor will pay all of her disposable income as shown on Form B22C of $**0.00** to the non priority unsecured creditors in order to be eligible for a discharge.

(ii) If the debtor filed a Chapter 7 case, the priority and other unsecured creditors would receive $**0.00**.  Debtor will pay this amount to the priority and other unsecured creditors in order to be eligible for discharge in this case.

(iii) The debtor will pay $**0.00** to the general unsecured creditors to be distributed prorata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid:
    (1) __**0**__% dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n)(i), (n)(ii), or (n)(iii), and the debtor pays in at least 36 monthly payments to be eligible for discharge.

    (2) the debtor(s) will make the payments for ____ months and anticipates a dividend of ____, but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding §1327(b), except as otherwise provided in paragraph (m) above. Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The chapter 13 Trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Notwithstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens, or preference action will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date  **July 28, 2016**　　　　　　　　　　Signature  **/s/ Brenda C. Moseley**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Brenda C. Moseley**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Debtor

*If debtor's attorney wishes to be paid according to the Court's administrative order on attorney's fees include the phrase "pay according to the administrative order" in the blank space and make no other payment provision.